IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD RAY DANIEL,[1] #311 112, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:18-CV-391-WHA |
| | ) [WO] |
| JOSH RAFFERTY,[2] *et al.*, | ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility when he initiated this *pro se* 42 U.S.C. § 1983 action,[3] brings suit against Defendants for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Plaintiff, a disabled individual confined to a wheelchair, complains the Geneva County Jail lacks wheel chair ramps and "other things" such as support bars which caused him to suffer injuries during his incarceration at the facility. The named defendants are Sheriff Tony Helms and Commander Josh Rafferty. Plaintiff requests damages and injunctive relief. Doc. 1.

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants deny they acted in violation of Plaintiff's constitutional rights. Defendants further argue this case is due to be dismissed because prior to filing this cause of action Plaintiff failed to properly exhaust the administrative remedy available to him at the Geneva County Jail regarding the claims presented in the complaint. Doc.

---

[1] According to Defendants, documents maintained by the Geneva County Sheriff's Department reflect the spelling of Plaintiff's surname as "Daniels."
[2] Defendants state Plaintiff incorrectly identified Defendant Rafferty as "Josh Rafferidy."
[3] During the pendency of this action Plaintiff was released from custody.

15 at 6–8. Defendants base their exhaustion defense on Plaintiff's failure to follow the available required administrative procedures at the Geneva County Jail regarding the claims presented. *Id.*

The court provided Plaintiff an opportunity to file a response to Defendants' special report in which he was advised, among other things, to address Defendants' argument that "he failed to fully exhaust his administrative remedies available at the Geneva County Jail as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 16 at 1 (footnote omitted). The order advised Plaintiff his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 3. This order further cautioned Plaintiff that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." *Id.* at 3–4. Plaintiff has filed no response to the order within the time allowed by the court.

Pursuant to the August 8, 2018 order, the court deems it appropriate to treat the report filed by Defendants' as a motion to dismiss regarding the exhaustion defense and resolve this motion in favor of Defendants. *Bryant v. Rich*, 530 F.3d 1368, 1374–1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

## I. STANDARD OF REVIEW

**A. Exhaustion**

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 Fed. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument

3

that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

## II. DISCUSSION

Plaintiff, an inmate previously confined at the Geneva County Jail, alleges the facility is in violation of the ADA. Defendants deny Plaintiff's allegations and maintain this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided at the Geneva County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). As explained, federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court under § 1983 or any other Federal law. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must

now exhaust all 'available' remedies, not just those that meet federal standards.  Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, ___U.S. ___, ___, 136 S.Ct. 1850, 1857 (2016).  However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855.  Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737.  Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . .  Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90-91, 93.  The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  *Id.* at 83-84; *Bryant*,

5

530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed the Geneva County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Docs. 15-3, 15-4, 15-7. The undisputed evidentiary materials filed by Defendants demonstrate Plaintiff had access to the grievance procedure while confined in the Geneva County Jail. The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters occurring during their incarceration at the jail. Doc. 15-7 at 11–12. The relevant portion of the grievance procedure reads as follows:

> Ordinarily, a grievance should be submitted from the electronic kiosks within each cellblock. Should the inmate not have access to the kiosk the inmate may request a paper grievance form.
>
> All grievances must be submitted with 14 days of the incident. Jail staff has 30 days to reply to the grievance unless the circumstance is that of an emergency. Emergency situations may also require the inmate to inform an officer immediately. In these situations, the officer will attempt to resolve the situation at his or her level.
>
> Inmates cannot submit a grievance on behalf of another inmate.
>
> When more than one inmate has the same grievance (e.g. temperature) each inmate is to submit their own grievance. Group grievances are not acceptable.
>
> If the inmate is unsatisfied with the response to his or her grievance, the inmate may submit an appeal. An appeal must be submitted within 24 hours after receiving

>response from the initial grievance. The appeal will be forwarded to the jail commander who has 30 day to determine whether the appeal has merit and whether any action is needed. If the inmate is unsatisfied with the first appeal the inmate may submit a 2nd appeal within 24 hours to the Sheriff. Once the Sheriff has received the 2nd appeal he or she has 30 days to determine whether or not the appeal has merit and whether or not any corrective action should be taken.

Doc. 15-7 at 12.

The record before the court, including the undisputed evidentiary materials filed by Defendants, demonstrates that an administrative remedy was available to Plaintiff during his confinement at the Geneva County Jail. These materials further establish that Plaintiff failed to properly exhaust the remedy prior to filing this federal civil action. Specifically, despite the availability of a grievance procedure and his access thereto, Plaintiff did not submit a grievance in accordance with the jail's grievance procedure regarding the claims presented for relief. It is likewise clear the administrative remedy is no longer available to Plaintiff as he is no longer confined at the Geneva County Jail. Dismissal with prejudice is, therefore, appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. 15) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to filing this case;

2. This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3. No costs be taxed.

It is further

ORDERED that **on or before October 31, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 17th day of October, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE